# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugenio Gomez, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Isa Moreno,<br><br>    Defendant. | No. CV-25-00541-TUC-BGM<br><br>**ORDER** |

On October 31, 2025, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") in which he recommended the Court deny Plaintiffs Elizabeth and Eugenio Gomez's In Forma Pauperis ("IFP") applications (Docs. 7–8) and dismiss Plaintiffs' Complaint (Doc. 1) without prejudice. The Magistrate Judge informed the parties they had fourteen days to file objections and another fourteen days to respond. (*Id.* at 3.) No timely objection was filed. On November 20, 2025, the Clerk's Office set an Order to Show Cause ("OSC") hearing for January 13, 2026, at 11:30 a.m. because Plaintiffs failed to either consent to the exercise of authority by the magistrate judge under 28 U.S.C. § 636(c), or file a written election to have the action reassigned to a district judge. (Doc. 11.)

Upon review, the Court will adopt the R&R in part, grant the IFP applications, dismiss Plaintiffs' Complaint, and vacate the OSC hearing.

**I. STANDARD OF REVIEW**

The standard of review of a magistrate judge's R&R is dependent upon whether a

party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. DISCUSSION

The Court has reviewed the two IFP applications (Docs. 7–8), the Complaint (Doc. 1), and Judge Macdonald's R&R (Doc. 9). The Court finds the R&R well-reasoned and agrees with Judge Macdonald's conclusions as to dismissal. However, the R&R does not explain the reasoning for denying the IFP applications. Generally, parties who file an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, 28 U.S.C. § 1915 permits indigent plaintiffs to apply for a fee waiver. Before granting a plaintiff leave to proceed in forma pauperis, the Court must decide whether the litigant is truly unable to pay filing fees. 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). Good cause appearing, the Court will grant the IFP Applications.

Accordingly, **IT IS ORDERED:**

1.) Magistrate Judge Macdonald's **R&R** is **ADOPTED IN PART**. (Doc. 9.)

2.) Plaintiffs' **IFP applications** are **GRANTED**. (Docs. 7–8.)

3.) Plaintiffs' **Complaint** is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. (Doc. 1.) Should Plaintiffs believe they can remedy defects in the Complaint, Plaintiffs may file a First Amended Complaint in 30 days from the date this Order is filed.

4.) If Plaintiffs fail to file a First Amended Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

5.) The **Order to Show Cause Hearing**, currently set for January 13, 2026, at 11:30 a.m. is **VACATED**.

Dated this 20th day of November, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge

- 3 -